UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No. C 06-2505 MHP (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; et al., | |
| Defendants. | |

## INTRODUCTION

This action was originally assigned to Judge Jenkins when it was filed on April 11, 2006. Judge Jenkins dismissed the action as time-barred. See June 6, 2006 Order of Dismissal. Plaintiff, Francois Givens, then appealed. The Ninth Circuit later vacated the dismissal and remanded the action. The Ninth Circuit explained that, by dismissing the complaint on initial screening without leave to amend, the district court had deprived Givens of an opportunity to argue that the statute of limitations should have been equitably tolled. The Ninth Circuit remanded the action "for the district court to determine in the first instance whether equitable tolling applies to the circumstance of this case." Givens v. City & County Of San Francisco, Ninth Cir. No. 06-16267, March 10, 2008 Memorandum, p. 2. Upon its remand, the case was reassigned to the undersigned.

This order also addresses a motion that was not ruled upon when the case was first dismissed, as well as miscellaneous motions that have been filed since the case was remanded to this court.

**DISCUSSION**

A. Review Of The Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint alleges that two San Francisco police officers injured Givens during his arrest on October 5, 2001 by handcuffing him too tightly and leaving those handcuffs on him for an extended period of time. He also alleges that he did not receive adequate medical care for his hypertension and diabetes-related high blood sugar that day when he arrived at the San Francisco County Jail. This action was filed in April 2006, more than four years after the acts and omissions alleged in the complaint occurred.

Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d at 802. The statute of limitations in California for § 1983 claims was one year until the legislature changed it to two years effective January 1, 2003. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); former Cal. Civ. Proc. Code § 340(3) (one-year general residual statute of limitations for personal injury actions); Cal. Civ. Proc. Code § 335.1 (current codification

of residual limitations period); see Elliott, 25 F.3d at 802.  Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only as to claims for damages.  See Cal. Civ. Proc. Code § 352.1.  When the disability of imprisonment tolls the limitations period, the limitations period begins to run immediately after the disability period ends.  See Cabrera v. City of Huntington Park, 159 F.3d 374, 378-79 (9th Cir. 1998).

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984).  That is the situation here:  the defense appears complete and obvious from the face of the complaint.

The claims appear on the face of the complaint to be time-barred because the acts and omissions giving rise to the claims took place on October 5, 2001, more than four years before this action was filed on April 11, 2006.  Givens will be required to file a response to this order, showing cause why the action should not be dismissed as time-barred.  This is done to implement the Ninth Circuit's order that Givens be permitted to argue that the statute of limitations should be equitably tolled.  Of course, Givens is not limited to arguing only equitable tolling – he may proffer any argument he has to show that the statute of limitations does not bar this action.  Givens also is cautioned that this court does not have access to a copy of any brief he filed in the Ninth Circuit, so that any argument pertaining to tolling that he made in that court must be made again in his response to this order.

B.   Miscellaneous Motions

   1.   Experts And Investigators

At the time he filed this action, Givens filed an ex parte application for appointment of an expert witness/investigator and for funding of such expert/investigator.  In his application, Givens stated that he wants to investigate personnel and personal records of the police officers who handcuffed him as well as the police chief.  The application concerns funding, because a litigant who does not need funding does not need court permission to hire experts

and investigators. (The application was terminated without a ruling when this action was dismissed two years ago. It is now appropriate to rule on the application.)

The court will not provide funds for plaintiff to pay an expert witness or investigator for Givens. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. See United States v. MacCollom, 426 U.S. 317, 321 (1976); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989). The plain language of 28 U.S.C. § 1915, the in forma pauperis statute, does not authorize the district court to waive witness fees or expenses paid to those witnesses. See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1992); Tedder, 890 F.2d at 211-12. The statute that does not authorize the district court to waive witness fees also does not allow the court to pay the considerably greater expense of hiring expert witnesses or force experts to work without compensation. Although in some cases, a litigant's inability to pay witness fees might raise a serious question regarding his constitutional right of access to the courts, Givens' inability to hire an expert to testify in his case would not amount to a constitutional violation because a prisoner's constitutional right of access to the courts is limited to the presentation of claims to the court concerning conditions of confinement and convictions, and not to the inmate's ability to effectively litigate such claims. See Lewis v. Casey, 518 U.S. 343, 354 (1996).

Federal Rule of Evidence 706 allows the court to appoint an expert, but the court does not believe appointment of an expert is necessary or appropriate in this case. The court does not need the expert to aid the court's understanding of this rather routine excessive force and medical care case – assuming Givens gets past the apparent statute of limitations problem identified earlier in this order. Moreover, in a civil rights action such as this, Rule 706(b) contemplates that the expert would be paid by the parties, but here defendants would have to bear the entire cost because Givens is indigent. There is no showing that it is appropriate or fair to require the defendants to bear the sole burden of paying an expert witness to present plaintiff's point of view.

The Application For Appointment of Expert Witness/Investigator And For Funding Of Such Expert/Investigator is DENIED. (Docket # 2.) The court's decision not to provide

4

1  funds for or appoint an expert witness or investigator in no way precludes Givens from hiring
2  and paying his own expert witness or investigator.

### 2. Renewed Request For Pauper Status

Givens' recently filed request for proceed in forma pauperis is DISMISSED as unnecessary. (Docket # 34.) The court granted his original application to proceed in forma pauperis on June 6, 2006. That pauper status continues when a case is remanded following an appeal – that is, the plaintiff does not owe a new filing fee and is not required to obtain leave to proceed as a pauper when the case is remanded following an appeal.

### 3. ECF and E-Filing

Givens has filed a request to use the electronic case filing system. In his in forma pauperis application, he requested that the fees for ECF and PACER be waived. ECF is the acronym for Electronic Case Filing, a filing system that allows parties to file and serve documents electronically. PACER is the acronym for Public Access to Court Electronic Records, the system used to view case dockets and documents that have been electronically filed. For the reasons explained below, the court GRANTS Givens' request to use the ECF system and have this case designated as an e-filing case (docket # 31) but DENIES Givens' request to waive the fees for using PACER.

This action is now designated as an e-filing case. If he has not already done so, Givens should consult the court's public website, www.cand.uscourts.gov, click on the "ECF" link, and register himself if he has the necessary computer and internet access equipment. Because this case is now designated as an e-filing case, all documents (orders and motions) will be served on Givens only electronically (and no paper copy will be sent to him) and all his documents must be filed electronically. As an e-filing litigant, Givens may view and download any order or motion filed by an opponent in the case once without charge. There are no fees to be waived for participation in the e-filing program. Givens is responsible for making sure that his electronically filed documents actually get filed. His response to this order should be e-filed, which will provide him a good opportunity to see if he can successfully e-file documents.

5

The cost of using PACER is very modest, i.e., eight cents per page to download documents, with a maximum of $2.40 per document. Because this case has not until now been an e-filing case, Givens has received a paper copy of every order in this case. When he is an e-filing litigant (as mentioned in the previous paragraph), he will be able to download one copy of any order or motion without charge. PACER apparently would be of value primarily to look at case files where he is not a litigant or at least is not in the e-filing program. PACER's very modest payment structure exists because there are some costs associated with operating the system, as explained on the PACER website. Givens has not shown why he needs free access to PACER under the circumstances, and the court will not give him carte blanche to access through PACER the documents filed not only in his case but in thousands of cases throughout the federal court system. Whether using it for free or by paying the modest cost normally associated with it, using PACER would do nothing to expedite the administration of justice in his action. For these reasons, the request for the waiver of PACER fees is denied.

3. <u>Case Management Conference</u>

Givens' motion for relief from the case management conference requirement is GRANTED. (Docket # 37.) The case management conference date has been vacated and no case management conference statements are due from the parties.

**CONCLUSION**

The complaint appears to be time-barred. Givens must file a written response showing cause why this action should not be dismissed as barred by the statute of limitations. Givens' response must be filed no later than **April 30, 2009**. Failure to file the response by the deadline will result in the dismissal of this action.

This action is now designated as an e-filing action.

IT IS SO ORDERED.

Dated: March 10, 2009

_____
Marilyn Hall Patel
United States District Judge

6