United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCOIS P. GIVENS,

        Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, *et al.*,

        Defendants.
_____/

No. C-06-2505 EMC (pr)

**ORDER ON MISCELLANEOUS MATTERS AND EXTENDING DEADLINES**

        This matter is now before the Court for attention to several miscellaneous motions and scheduling issues.

A.    <u>Pleadings and Service of Process Issues</u>

        The first amended complaint concerns Givens' treatment after his arrest by San Francisco Police Department officers Merino and Gratz on October 5, 2001.[1] (Docket # 47.) The Court earlier determined that, liberally construed, the first amended complaint stated cognizable § 1983 claims against Defendants Merino and Gratz for violations of Givens' Fourth Amendment rights based on (1) their alleged use of excessive force in handcuffing Givens too tightly, and (2) their alleged failure to get proper medical treatment for Givens. *See* Order of Service, p. 4. The Court dismissed an ADA claim against the individual officers because neither was an appropriate Defendant under

---

[1] Givens "was convicted of attempted voluntary manslaughter, infliction of corporal injury on a former cohabitant resulting in a traumatic condition, and assault with a deadly weapon" as a result of an incident on October 5, 2001 in which he "stabbed his estranged girlfriend in the course of a heated discussion." *People v. Givens*, 2006 WL 187713, *1 (Cal. Ct. App. 2006). San Francisco police officers apprehended Givens near the scene shortly after the stabbing.

the ADA. *See id.* The Court also dismissed claims pertaining to the alleged failure of several other Defendants to adequately investigate the use of force event more than a year after it occurred. *See id* at 5. The Court ordered service of process on Defendants Merino and Gratz, and dismissed "[a]ll other defendants and claims." *Id.* at 6.

Although it had been dismissed from the action, the City and County of San Francisco ("CCSF") filed an answer to the first amended complaint. (Docket # 57.) Defendants Merino and Gratz later filed joinders to the answer filed by CCSF. (Docket # 64 and # 65.)

Plaintiff has filed a motion under Federal Rule of Civil Procedure 12(f) to strike the answer filed by Defendant CCSF. Plaintiff argues, among other things, that most of the answer is immaterial, impertinent and superfluous to the claims remaining in the complaint due to the dismissal of several parties and claims. Defendants have not opposed the motion.[2]

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. . . . "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citations and internal quotation marks omitted). A motion to strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the

---

[2] In their Case Management Conference ("CMC") Statement filed later, Defendants offered this explanation as to why CCSF filed an answer:

> Defendants believe that the motion to strike is based on a misunderstanding of Plaintiff that arises due to the Court's Order of Service limiting the causes of action but not requiring Plaintiff to amend the complaint. Because it was not clear to Defendants which portions of the First Amended Complaint remained valid, Defendants responded to all of them.

Defendants' CMC Statement, p. 2. (Docket # 72.) It is difficult to comprehend how it was not clear to Defendants which portions of the First Amended Complaint "remained valid" in light of the Court's explicit determinations in the Order Of Service (a) that Fourth Amendment claims against Defendants Merino and Gratz had been stated, (b) that other claims and Defendants were dismissed, and (c) that the Marshal was only to serve process on Defendants Merino and Gratz.

2

subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N. D. Cal. 1992).

Due to the dismissal of CCSF before it filed an answer, its answer was immaterial and impertinent because there was nothing against which CCSF needed to defend. That is, CCSF's defenses and denials have no bearing on the matters remaining for adjudication as there remain no claims against CCSF. Accordingly, Plaintiff's motion to strike is **GRANTED**. (Docket # 59.) The answer filed by CCSF is now stricken in its entirety.[3]

Defendants Merino and Gratz had joined in CCSF's answer, but with the striking of that answer, those two individuals now have no answer on file. This does not mean that either Merino or Gratz was in default because of the unusual provisions in 42 U.S.C. § 1997e(g)(1). Section 1997e(g) allows a defendant to "waive the right of reply" in a civil rights action filed by a prisoner, provides that such a waiver is not an admission of the allegations in the complaint, and disallows relief for the plaintiff unless a reply has been filed. The "reply" referred to in § 1997e(g) appears to be the answer to the complaint. If a defendant may waive the right of reply, he would not be in default for not filing one.

One part of Plaintiff's motion to strike deserves further discussion. Plaintiff argues that, "[b]ecause of the screening of the Complaint, this Court has addressed, in the first instance, whether equitable tolling applies to the circumstances of this case, and res judicata exists for this issue." Motion To Strike, p. 3. He is wrong on the law: res judicata does not apply to an interlocutory ruling in a pending case, such as the screening of complaint in this action. *See Russell v. Commissioner of Internal Revenue*, 678 F.2d 782, 785-86 (9th Cir. 1982) (decision was not res judicata on the merits of the cause of action because part of the claim was still pending and the decision "was only an interim decision, and was not a final determination" of the cause of action); *Luben Indus., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983) (ruling has no preclusive effect if it is "avowedly tentative"). Plaintiff also is wrong on the facts: this Court did not

---

[3] In light of the dismissal of CCSF as a Defendant and the striking of CCSF's answer, the Court will not rule on arguments in Defendants' motion for summary judgment that pertain to just CCSF, such as the argument that CCSF "is not a proper defendant" at page 13 of the Memorandum of Points And Authorities In Support of Defendants' Motion For Summary Judgment.

1  determine that Plaintiff was entitled to equitable tolling; instead, the Court determined only that
2  Plaintiff had provided enough information that the Court could not *sua sponte* dismiss his complaint
3  as time-barred. *See* April 28, 2010 Order, p. 2. In fact, the Court specifically stated that its ruling
4  "is *not* a determination that the complaint is timely but instead is only a determination that the court
5  is unable at this point to conclusively determine that the complaint is barred by the statute of
6  limitations." *Id*. Defendants remain free to urge that the first amended complaint is time-barred.

B.  Discovery

1.  *Subpoenas:* Plaintiff filed a motion to have the U.S. Marshal serve subpoenaes on four non-parties. (Docket # 62.) The date listed on the subpoenas for compliance has long passed, however, so Plaintiff will have to prepare new subpoenas with a new date for the subpoenaed party to comply with the subpoenas. Also, each subpoena is deficient in that Plaintiff did not include with it the attachment referred to on the face of the subpoena.[4] The motion to have the Marshal serve the subpoenas is **DENIED** without prejudice to Plaintiff submitting new subpoenas that are complete and have a compliance date set at least four weeks after the date of the subpoena to allow sufficient time for the Court to process any new request, the Marshal to serve the subpoena, and the subpoenaed party to comply with the subpoena. (Docket # 62.)

The Court notes that Defendant submitted a copy of Plaintiff's medical records from the county jail. *See* Baumgartner Decl., Ex. B. (Docket # 70.) If Plaintiff still wants to have a subpoena served on the jail medical department, he needs to explain why Exhibit B to the Baumgartner declaration is not a sufficient copy of his medical records.

2.  *Motions To Compel*: Plaintiff filed a motion to compel Defendant Merino to provide responses to written interrogatories and a motion to compel Defendant Gratz to provide responses to written interrogatories. (Docket #80 and # 81.) The motions to compel are **DENIED** because Plaintiff did not show that he made a good faith effort to meet and confer with defense counsel to attempt to resolve the discovery disputes before filing the motions as he was required to do. *See*

---

[4] The subpoena form states: "The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached." That attachment is not attached to any of the subpoenas Plaintiff submitted for service.

1  Fed. R. Civ. P. 37(a)(1); N. D. Cal. Local Rule 37.  The letters he attached to his motions to compel
2  do not mention the interrogatories that are the subject of his motions to compel and therefore do not
3  show that he made any effort to resolve any dispute about the interrogatories.
4         3.    *Request To Postpone Summary Judgment Motion*:  In his motions to compel, Plaintiff
5  urged that the Court should postpone the motion for summary judgment to allow time for discovery.
6  Postponing consideration of the motion for summary judgment is not warranted at this time.  Under
7  limited circumstances, consideration of a summary judgment motion may be delayed so that a non-
8  movant may gather evidence for his opposition.  The Court may deny or continue the motion for
9  summary judgment, or allow time to obtain affidavits or declarations or to take discovery if the
10 "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts
11 essential to justify its opposition."  Fed. R. Civ. P. 56(d).  The party requesting the extra time must
12 "identify by affidavit the specific facts that further discovery would reveal, and explain why those
13 facts would preclude summary judgment."  *Tatum v. City and County of San Francisco*, 441 F.3d
14 1090, 1100 (9th Cir. 2006).  Plaintiff does not identify a particular document or piece of evidence
15 that is essential to his opposition but instead wants discovery in hopes of finding something that
16 might help him ward off summary judgment.
17     A second factor also weighs against postponing consideration of the motion for summary
18 judgment.  Defendants urge in their motion that they are entitled to qualified immunity against
19 Plaintiff's claims.  The U.S. Supreme Court has made it abundantly clear that a district court should
20 stay discovery until the threshold question of qualified immunity is settled.  *See Crawford-El v.*
21 *Britton*, 523 U.S. 574, 598 (1998); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Harlow v.*
22 *Fitzgerald*, 457 U.S. 800, 818 (1982).  The Court will not stay discovery unless Defendants ask for
23 such a stay, but a stay of discovery is almost automatic if requested by a Defendant who is asserting
24 qualified immunity against the claims.
25 C.    <u>Plaintiff's Request To Stay The Action During His Incarceration</u>
26     Plaintiff filed a motion for temporary stay when he was incarcerated in a jail in Nevada.
27 Before the Court ruled on that motion, Plaintiff filed a motion to lift the stay because he had been
28

released from the jail. The motions for a stay and to lift the stay are **DISMISSED** as moot. (Docket # 74 and # 75.)

D. <u>Scheduling</u>

The Court now sets the following new briefing schedule on Defendants' motion for summary judgment:

1. Plaintiff must file and serve on defense counsel his opposition to the motion for summary judgment no later than **October 21, 2011**.

2. Defendants must file and serve their reply brief (if any) no later than **November 8, 2011**.

IT IS SO ORDERED.

Dated: October 6, 2011

_____
EDWARD M. CHEN
United States District Judge